Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000786
25-MAR-2015
08:30 AM

NO. CAAP-13-0000786

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
MARK EVAN LINDBERG, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DTA-12-06338)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Reifurth and Ginoza, JJ.)

The State of Hawai'i (State) charged Defendant-Appellant Mark Evan Lindberg (Lindberg) by complaint with operating a vehicle under the influence of an intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) and/or (a)(3) (Supp. 2014). After a bench trial, the District Court of the First Circuit (District Court)[1] found Lindberg guilty as charged of violating both HRS § 291E-61(a)(1) and (a)(3). The District Court sentenced Lindberg and entered its Judgment on April 11, 2013.

On appeal, Lindberg argues that the OVUII charge was defective because it failed to allege the statutory definition of the term "alcohol," and therefore, the District Court erred in denying his motion to dismiss the charge. He also argues that

_____

[1] The Honorable David W. Lo presided.

the District Court erred in failing to properly advise him of his right to testify pursuant to <u>Tachibana v. State</u>, 79 Hawai'i 226, 900 P.2d 1293 (1995), and to ensure that he validly waived that right. We reject Lindberg's challenge to the sufficiency of his OVUII charge, but conclude that the District Court's <u>Tachibana</u> advisement was deficient. We vacate Lindberg's OVUII conviction and remand the case for a new trial.

I.

We resolve Lindberg's arguments on appeal as follows:

1. The State's OVUII charge was sufficient; the charge was not rendered defective by the State's failure to allege the statutory definition of "alcohol." <u>State v. Turping</u>, No. CAAP-13-0002957 --- P.3d ---, 2015 WL 792715, at *2-6 (Hawai'i App. Feb. 25, 2015). The State was not required to allege the statutory definition of "alcohol" in order to give Lindberg fair notice of the nature and cause of the accusation against him. <u>Id.</u>

2. Lindberg asserts that the District Court's <u>Tachibana</u> advisement "was woefully deficient." The State does not dispute that the District Court's <u>Tachibana</u> advisement was deficient, but argues that the District Court's error was harmless. We conclude that the District Court's <u>Tachibana</u> advisement was deficient in that the District Court failed to advise Lindberg that he had the right to testify and that if he wanted to testify, no one could prevent him from doing so. <u>See</u> <u>Tachibana</u>, 79 Hawai'i at 236 n.7, 900 P.2d at 1303 n.7 (1995). We are unable to conclude that the District Court's error was harmless. <u>See</u> <u>State v. Hoang</u>, 94 Hawai'i 271, 279-80, 12 P.3d 371, 379-80 (App. 2000) (observing that "it is inherently difficult . . . to divine what effect a violation of the defendant's constitutional right to testify had on the outcome of any particular case").

II.

We vacate the District Court's Judgment and remand the case for a new trial.

DATED: Honolulu, Hawai'i, March 25, 2015.

On the briefs:

Melanie G. Legdesog
Deputy Public Defender
for Defendant-Appellant

Sonja P. McCullen
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

3